UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 2:09-cr-00048 |
| VERSUS | JUDGE MINALDI |
| FRANCISCO DIAZ ARTEAGA | |

MEMORANDUM IN SUPPORT

WHEREFORE, defendant-movant Francisco Arteaga, without opposition from the United States of America, respectfully prays that this Court vacate Mr. Arteaga's sentence, order a pre-sentencing investigation report be completed, and a hearing be set in order to re-sentence Mr. Arteaga.

1.

On March 11, 2010, after a jury found him guilty of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) and one count of possession of a stolen firearm in violation of 18 U.S.C. §922(j), Mr. Arteaga was sentenced to 120 months imprisonment. Doc. 61. This sentence was imposed following an evidentiary hearing in which the district court judge found that the Armed Career Criminal enhancement did not apply to Mr. Arteaga. Doc. 54. Mr. Arteaga sought review of his conviction and sentence at the Fifth Circuit Court of Appeals. Doc. 62. The Government cross-appealed his sentence arguing that the district court erred in concluding that Mr. Arteaga's prior convictions did not qualify him for the armed career criminal enhancement. *Untied States v. Arteaga*, No. 10-303020 (September 2, 2011). The Fifth Circuit, agreeing with the Government, remanded Mr. Arteaga's case for resentencing as an armed career criminal. *Id*. The Fifth Circuit expressly found that Mr. Arteaga's conviction for attempted unauthorized entry of an inhabited dwelling under Louisiana law was a violent felony under 18 U.S.C. §924(e)(2)(B)(ii)–the

now unconstitutional residual clause. At the resentencing, Mr. Arteaga was sentenced to 240 months of imprisonment. Doc. 88.

2.

Mr. Arteaga has been in federal custody since March 26, 2009. Doc. 9. According to the BOP web site, his release date is February 9, 2027. Mr. Arteaga has now been incarcerated for over 7 years and 8 months.

3.

On May 26, 2016, the Fifth Circuit Court of Appeals granted Mr. Arteaga authorization to file a second or successive §2255 petition. *In re: Francisco Diaz Arteaga*, No. 16-30490. The Fifth Circuit stated, "Arteaga's sentence was enhanced under the Armed Career Criminal Act (ACCA) based on a determination that at least one of his three qualifying convictions was a violent felony as defined under the ACCA's residual clause." *Id.* Additionally the Government had previously conceded that, after *Johnson v. United States*, Mr. Arteaga no longer had three requisite felony convictions in order to qualify for the ACCA enhancement. During litigation concerning a Certificate of Appealability on a previously filed §2255 petition, the Government wrote in its Letter in Brief to Defendant's Motion for Reconsideration

> The government acknowledges that the defendant's sentence of 240 months imprisonment would no longer be proper after *Johnson* rendering unconstitutional the "residual clause" of the Armed Career Criminal Act...the defendant would no longer have three requisite convictions to qualify for the application of the ACCA. Thus, his present sentence based on the ACCA enhancement would no longer be proper.

Case: 14-31158, Document No. 00513191909. This litigation was pending during the time after *Johnson* was decided yet before the Supreme Court decided *Welch v. Untied States*, 578 U.S. ___ (2016), which made *Johnson* retroactive to cases on collateral review.

4.

Both the Office of the Federal Public Defender and the attorneys for the Government agree that after the United States Supreme Court's decision in *Johnson v. United States,* Mr. Arteaga's conviction for the Louisiana crime of attempted unauthorized entry into an inhabited dwelling is no longer a "violent felony" under any definition of a violent felony set forth in the Armed Career Criminal Act. Thus, Mr. Arteaga is no longer an armed career criminal because he does not have three prior convictions that would satisfy the definition of "violent felony" as required by the Armed Career Criminal Act.

5.

The Government has been contacted regarding this case and does not oppose this Court granting Mr. Arteaga's § 2255 petition and resentencing him as requested.

WHEREFORE, defendant-movant Francisco Arteaga, without opposition from the United States of America, respectfully prays that this Court vacate Mr. Arteaga's sentence, order that a pre-sentence investigation report be prepared, and that the matter be set for hearing in order to re-sentence Mr. Arteaga.

**RESPECTFULLY SUBMITTED,**

/s/ Rebecca L. Hudsmith
REBECCA L. HUDSMITH, La. Bar No. 7052
Office of the Federal Public Defender
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, Louisiana 70501
Telephone: 337-262-6336; Facsimile: 337-262-6605

**ATTORNEY FOR DEFENDANT-MOVANT**

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the above and foregoing has this day been served by the court's electronic filing system. I have also sent a separate copy by e-mail to: Camille Domingue, Assistant United States Attorney, on this 6 th    day of January, 2017.

    /s/ Rebecca L. Hudsmith
REBECCA L. HUDSMITH, La. Bar No. 7052
Office of the Federal Public Defender
Middle and Western Districts of Louisiana
102 Versailles Blvd., Suite 816
Lafayette, Louisiana 70501
Telephone: 337-262-6336; Facsimile: 337-262-6605

**ATTORNEY FOR DEFENDANT-MOVANT**